UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MARAQUITA MCGLORY | * | DOCKET NO.: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| ACADIA HEALTHCARE COMPANY, INC. AND CROSSROADS REGIONAL HOSPITAL, LLC D/B/A LONGLEAF HOSPITAL | * * * * | MAGISTRATE JUDGE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel come defendants, Acadia Healthcare Company, Inc. and Crossroads Regional Hospital, LLC d/b/a Longleaf Hospital, and hereby remove this action from the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, pursuant to 28 USC 1441, et seq.

I.

Plaintiff Maraquita McGlory filed the instant suit in the 9th Judicial District Court for the Parish of Rapides, State of Louisiana on November 3, 2022, under docket number 275,162 "E". The suit seeks recovery of damages for bodily injuries and cognitive difficulties allegedly resulting from an incident on September 28, 2022 in which she exited a moving vehicle and landed on the pavement, resulting in severe head trauma. (Exhibit "A", Petition for Damages.)

II.

The named defendants are Acadia Healthcare Company, Inc. and Crossroads Regional Hospital, LLC d/b/a Longleaf Hospital.

## DIVERSITY JURISDICTION

III.

The instant suit is removable to this Court under 28 USC 1332 because plaintiff and the defendants are citizens of different states, and the amount in controversy is greater than $75,000.00, exclusive of interest and costs.

IV.

Plaintiff Maraquita McGlory is an individual domiciled in Lafayette Parish, Louisiana. Exhibit "A", Petition for Damages, at Paragraph I.

V.

Defendant Acadia Healthcare Company, Inc. is alleged to be a Delaware corporation, and is in fact a Delaware corporation with a principal place of business in Franklin, Williamson County, Tennessee.

VI.

Defendant Crossroads Regional Hospital, LLC d/b/a Longleaf Hospital, is alleged to be a Delaware corporation, and is in fact a Delaware limited liability company with a principal place of businss in Franklin, Williamson County, Tennessee. The sole member of Crossroads Regional

Hospital, LLC is Acadia Healthcare Company, Inc., identified above as a Delaware corporation with a Tennessee principal place of business.

VII.

As plaintiff is a citizen of Louisiana, and defendants are considered to be citizens of Delaware and Tennessee, complete diversity exists in this action.

**REMOVAL IS TIMELY**

VIII.

Pursuant to 28 USC 1446(b)(1), a defendant shall file a notice of removal within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

IX.

This removal is timely effected by Acadia Healthcare Company, Inc. pursuant to 28 USC 1446(b)(1) in that it is accomplished within thirty (30) days after the service of the citation and petition on that defendant, through its registered agent, Corporation Trust Company, on November 21, 2022. Exhibit "A", service of process transmittal summary, with long arm transmittal, citation and petition.

X.

The removal is also timely effected by Crossroads Regional Hospital, LLC d/b/a Longleaf Hospital, in that it is accomplished within thirty (30) days after the service of the citation and petition on its registered agent, CT Corporation System, by the Sheriff of the Parish of East Baton Rouge on

November 15, 2022.  Exhibit "C", service of process transmittal, citation for Crossroads Regional Hospital, LLC.

## AMOUNT IN CONTROVERSY

XI.

In conformity with Louisiana Code of Civil Procedure Artcile 893, the petition of Maraquita McGlory did not recite or pray for a specific monetary amount of damages.  However, it is facially apparent that the amount in controversy is in excess of $75,000.00 based on the allegations of the petition, which pertinently include:

> As a result of the incident, Ms. McGlory was initially intubated at Rapides Regional Medical Center and diagnosed with multiple facial fractures and a C1 fracture, among other injuries (Exhibit "A" at Paragraph XIII);
>
> She was then airlifted to Ochsner LSU in Shreveport, where she underwent surgery for her facial fractures and was also diagnosed with a fractured left thumb (Exhibit "A", at Paragraphs XIV and XV);
>
> She remained at Ochsner LSU from September 28 until October 16, 2022, when she was transferred to Louisiana Behavioral Health, where she remained for another week before being discharged home (Exhibit "A", at Paragraphs XV and XVI);
>
> In addition to her physical injuries, Ms. McGlory is experiencing cognitive difficulties as a result of the trauma to her head from the incident of September 28, 2022 (Exhibit "A", at Paragraph XVII);
>
> She is potentially permanently disabled, and is expected to require additional surgery (Exhibit "A", at Paragraph XX).

XI.

Based on the above, it is facially apparent that the amount in controversy is $75,000.00 or greater, exclusive of interest and costs, as required by 28 USC 1332. Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). The Fifth Circuit has consistently held that where "plaintiff either alleged specific, quantifiable categories of severe damages or otherwise alleged permanent injuries," it is facially apparent that the claims exceed $75,000. Mills v. Academy, Ltd., 20-1497 (W.D. La. 2/25/21), 2021 WL 957271.

**JOINDER/CONSENT**

XII.

As both parties defendant join in the instant removal, there are no other defendants or parties who are required to join in and/or consent to the removal.

**PLEADINGS AND PROCESS**

XIII.

A copy of all process, pleadings and orders served upon Acadia Healthcare Company, Inc. is attached hereto as Exhibit "A".

XIV.

Written notice of removal will be given to all adverse parties in the state court, as required by 28 USC 1446(d).

## NON-WAIVER

XV.

This action is removed with reservation of all, and without waiver of any, exceptions or defenses, state or federal, including but not limited to vagueness, prematurity, non-conformity with Federal Rule of Civil Procedure 8(a), and lack of amicable demand.

WHEREFORE, defendants, Acadia Healthcare Company, Inc. and Crossroads Regional Hospital, LLC d/b/a Longleaf Hospital, request that this matter be removed to the United States District Court for the Western District of Louisiana, Alexandria Division, pursuant to 28 USC 1441, et seq.

S/KEVIN O'BRYON
KEVIN O'BRYON, LSBA 10151
O'Bryon & Schnabel, APLC
935 Gravier Street, Suite 900
New Orleans, LA 70112
Telephone: (504) 799-4200
Facsimile: (504) 799-4211
Email: kob@obryonlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 14th day of December, 2022, served a copy of the foregoing pleading on all counsel for all parties to this proceeding, by mailing, emailing and filing in the U.S. Pacer System.

S/KEVIN O'BRYON
KEVIN O'BRYON
