UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MARAQUITA MCGLORY** | **CIVIL ACTION NO. 22-6192** |
| **VERSUS** | **JUDGE EDWARDS** |
| **ACADIA HEALTHCARE CO ET AL** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by defendant, Acadia Healthcare Company, Inc.[1] Pursuant to Local Rule 7.5, a response was due by January 19, 2024.[2] As of the date of this Order, no opposition has been filed. In addition, plaintiff, Maraquita McGlory, has not moved for an extension of the deadline to file an opposition brief. Hence, the Motion is unopposed.

After careful consideration of the Motion, the record, and the applicable law, the Motion is **GRANTED** and Maraquita McGlory's claims against Acadia Healthcare Company, Inc. are **DISMISSED WITH PREJUDICE.**

### I.  BACKGROUND

This case stems from an incident wherein Maraquita McGlory exited herself from a transport van while the van was in motion.[3] A more complete recitation of the background of this case is contained in the Court's prior Order at R. Doc. 30. The

---

[1] R. Doc. 19.
[2] R. Doc. 20.
[3] R. Doc. 1-1 at pp. 5-8.

focus below is on the facts and procedural history salient to the current matter—Acadia Healthcare Company, Inc.'s individual involvement in this suit.[4]

On or about November 3, 2022, Ms. McGlory filed suit in state court against Acadia Healthcare Company Inc. ("Acadia Healthcare") and Crossroads Regional Hospital, LLC d/b/a Longleaf Hospital ("Longleaf"), alleging that Defendants were vicariously liable for the alleged negligent acts of their staff, and further liable for "negligently hiring, training, and supervising their staff," which she argues resulted in her injuries.[5] This matter was subsequently removed to this Court on the basis of diversity jurisdiction under 28 USC § 1332.[6]

On December 29, 2023, defendant, Acadia Healthcare, filed the instant Motion for Summary Judgment.[7] Acadia Healthcare argues that it is "entitled to summary dismissal" of Ms. McGlory's claims "due to [its] lack of involvement in the acts made subject of this suit."[8] Acadia Healthcare asserts that while it "is the owner of co-defendant [Longleaf], it had no involvement with the hiring, training, or supervision of Longleaf's staff, or with the transportation of Plaintiff McGlory."[9] In short, Acadia Healthcare argues that it is merely a holding company, and thus not liable for any alleged negligence by its subsidiary, Longleaf. As such, Acadia Healthcare asserts that there is no factual basis for Ms. McGlory's claims against it and those claims should be dismissed.[10]

---

[4] R. Doc. 19-1 at p. 1.
[5] R. Doc. 1-1.
[6] R. Doc. 1.
[7] R. Doc. 19.
[8] R. Doc. 19-1 at p. 1.
[9] *Id.*
[10] *Id.* at p. 4.

## II. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[12] "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the [non-movant]."[13] In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party."[14]

The party seeking summary judgment has the initial burden of showing the absence of a genuine issue of material fact by pointing out the record contains no support for an essential element of the non-moving party's claim for which the non-movant will bear the burden of proof at trial.[15] Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.[16] District courts may not grant a motion for summary judgment simply

---

[11] Fed. R. Civ. P. 56(a).
[12] *Hyatt v. Thomas,* 843 F.3d 172 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[13] *Id.* (internal quotations omitted).
[14] *Total E&P USA Inc. v. Kerr-McGee Oil & Gas Corp.,* 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).
[15] *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986) (quoting Fed. R. Civ. P. 56(c)).
[16] *Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002).

because the motion is not opposed but may grant the motion "if the undisputed facts show the movant is entitled to judgment as a matter of law."[17]

## II. ANALYSIS

"A bedrock principle of corporate law is that 'a parent corporation ... is not liable' for actions taken by its subsidiaries."[18] Only when the parent corporation exercises complete control over the subsidiary with respect to the act at issue—and the control was used to commit a wrong—will a parent corporation be deemed an "alter ego" of the subsidiary, and thus liable for its act.[19]

In support of its contention that there is no factual basis for Ms. McGlory's claim against it, Acadia Healthcare submitted the declaration of Shannon Doggette, the Director of Workers Compensation and Automobile Liability for Acadia Management Company, LLC, ("Acadia Management") in which she states that she is familiar with the corporate organization of Acadia Healthcare Company, Inc., and its subsidiaries.[20] The declaration establishes that Acadia Healthcare and Longleaf are separate corporate entities, and that Longleaf is a wholly owned subsidiary of Acadia Healthcare.[21] The declaration further establishes that Acadia Healthcare has no

---

[17] *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam).
[18] *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006) (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *see also, Bujol v. Entergy Servs., Inc.,* 922 So. 2d 1113, 1127 (La. 2004)("While generally a parent corporation, by virtue of its ownership interest, has the right, power, and ability to control its subsidiary, a parent corporation generally has no duty to control the actions of its subsidiary and thus no liability for a failure to control the actions of its subsidiary.")
[19] *Bridas S.A.P.I.C.,* 447 F.3d at 416; *see also, Miles v. Am. Tel. & Tel. Co.*, 703 F.2d 193, 195 (5th Cir. 1983)("As traditionally applied in the parent-subsidiary context, the alter ego doctrine permits the imposition of liability upon the parent company for torts and contractual obligations of its subsidiary, where the parent exercises actual control over the subsidiary and operates it as a mere instrumentality or tool.");
[20] R. Doc. 19-2 at p. 1.
[21] *Id.*

employees, nor exercises any control over Longleaf and its transportation of patients.[22] Finally, the declaration provides that Acadia Management—not Acadia Healthcare—is responsible for any corporate management or oversight that Longleaf may receive.[23]

The Court finds that Shannon Doggette's declaration demonstrates the absence of a genuine issue of material fact concerning whether Acadia Healthcare was involved in whatever acts or omissions led to Ms. McGlory's alleged injury. Ms. Doggette's declaration is sufficient to shift to Ms. McGlory the burden of showing a genuine factual dispute as to Acadia Healthcare's involvement in this case; however, Ms. McGlory did not oppose this Motion, and thus, she failed to meet her burden.

The Court itself considered the record, and the applicable law, and found no independent basis for Acadia Healthcare to remain party to this suit. Ms. Doggette's declaration effectively demonstrates that there is no genuine issue of material fact. As neither Ms. McGlory, nor the record, contravened Ms. Doggette's declaration, Acadia Healthcare is entitled to summary judgment.

---

[22] *Id.* at pp. 1-2.
[23] *Id.*

## IV. CONCLUSION

For the foregoing reasons, Acadia Healthcare's Motion for Summary Judgment[24] is **GRANTED**, and Maraquita McGlory's claims against Acadia Healthcare Company, Inc., are **DISMISSED WITH PREJUDICE**. An order consistent with this ruling shall be issued accordingly.

**THUS DONE AND SIGNED** this 22nd day of February, 2024.

_____
**JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 19.